UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RUSSELL GATES,<br><br>                              Plaintiff,<br>       v.<br>JEFF WELLS, et al.,<br><br>                              Defendants. | Case No. 3:13-cv-00228-MMD-VPC<br><br>ORDER |
|---|---|

Before the Court is a motion to substitute filed by Maricela Gates ("Gate"). (Dkt. no. 21.) Defendants have filed an opposition (dkt. no. 22.)

Plaintiff Russell Gates initiated this action under 42 U.S.C. § 1983 on May 3, 2013. (Dkt. no. 1.) Following screening, the Court permitted Plaintiff's claims for deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendments to proceed. (Dkt. no. 4.)

On October 9, 2014, Defendants filed a suggestion of death on the record with a copy of Plaintiff's death certificate. (Dkt. no. 20; dkt. no. 20-1.) On November 3, 2014, Gates filed her motion to substitute herself in place of Plaintiff. Defendants oppose substitution, contending that Gates has failed to demonstrate that she is an official representative of Plaintiff's estate. (Dkt. no. 22.)

Gates requests to be substituted in place of Plaintiff because of his death, citing to Federal Rule of Civil Procedure 25. Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or

representative. If the motion is not made within ninety (90) days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Rule 25 thus creates a procedure that allows for those who have an interest in the litigation or those with the authority to act on behalf of the decedent to substitute in. *See Barlow v. Ground,* 39 F.3d 231, 233-34 (9th Cir .1994). The Court must determine whether Gates is a proper party for substitution under Rule 25.

Defendants argue that under Nevada law, only an official representative of the decedent has a right to bring a survival action. They contend that Gates is not a proper party for substitution because she has not demonstrated that she is Plaintiff's official representative. The Court agrees.

Whether a § 1983 claim that accrued before death survives the decedent depends on whether state law authorizes a survival action. *See Smith v. City of Fontana,* 818 F.2d 1411, 1416 (9th 1987) (overruled on other grounds by *Hodgers-Durgin v. de la Vina,* 199 F.3d 1077 (9th Cir. 199). Nevada's survival action statute provides that "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS § 41.100(1); *Schmutz v. Bradford*, No. 58612, 2013 WL 7156301, at *2 (Nev. Dec. 19, 2013). Thus, Nevada law extends the right to bring a survival action only to the official representative of the decedent's estate.

Gates does not state that she is the authorized representative of Plaintiff's estate. In fact, Gates' motion does not identify her relationship with Plaintiff. Gates has not demonstrated that she is the proper party for substitution under Rule 25.

It is therefore ordered that the motion to substitute (dkt. no. 21) is denied.

DATED THIS 4th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE